IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO GRAY, JR.,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 25-CV-0925 |
| | : | |
| **CAPITAL ONE** | : | |
| **FINANCIAL CORPORATION,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES, J.                                                                                          JUNE 6, 2025

      Plaintiff Antonio Gray, Jr. commenced this civil action by filing a *pro se* Complaint against Capital One Financial Corporation ("Capital One"), asserting claims under numerous consumer protection statutes and regulations, including, the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), and Truth in Lending Act ("TILA"). (*See* ECF No. 2 at 1-3.) Gray also seeks to proceed *in forma pauperis*. (ECF No. 7.) For the reasons set forth, Gray's motion for leave to proceed *in forma pauperis* is granted and his Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.       FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

      Gray's Complaint contains very few facts. He contends that he "disputed the validity" of three accounts (which he identifies with four-digit numbers) "by sending written disputes" to Capital One via certified mail. (Compl. at 2.) He asserts that Capital One did not "cease collection activities," "provide proper validation of the debt," "conduct a reasonable investigation of [the] dispute," or "provide documentary evidence supporting their collection claims." (*Id.*) He asserts

---

[1] The facts set forth in this Memorandum are taken from Gray's Complaint and the attached exhibits. (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Grammar, spelling, and punctuation errors are cleaned up where necessary.

that Capital One "continued its collection efforts immediately after receiving the Dispute Letter." (*Id.*)

Gray also alleges that Capital One "accepted and processed [his] application but subsequently denied the request for a copy of the application," and "claimed it does not keep paper copies of applications submitted online or via telephone." (*Id.*) He asserts that he "sought a complete accounting of how the application was processed, including any third-party data utilized in the credit decision," but that Capital One "failed to provide transparency and declined to return the application or confirm its status." (*Id.*) He does not indicate what the "application" was for, or how it related to his "Dispute Letter."

Gray further appears to assert that Capital One violated a "binding arbitration agreement contained within the credit card agreement between the parties," and that he "has been forced to file this lawsuit to seek enforcement of the arbitration agreement." (*Id.* at 4-5.) He asserts that Capital One's actions have caused him "unnecessary delays, additional costs, and legal expenses in attempting to enforce the arbitration agreement." (*Id.* at 5.) He seeks $16,000 in damages and various forms of injunctive relief. (*Id.* at 5-6.)

## II.   STANDARD OF REVIEW

The Court will grant Gray leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Gray's Complaint if it fails to state a claim. The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted);

*Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the Plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Gray is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (cleaned up). The important

consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

### III.  DISCUSSION

Gray's Complaint fundamentally fails to satisfy Rule 8. Although he refers to his "accounts" by four-digit identifier, he does not include any other details of the accounts and does not include any dates or other details of his alleged communications regarding his disputes. Moreover, at times he appears to assert that he disputed existing accounts, and at other times he appears to assert that he filed an application that was denied. In sum, he has failed to present coherent facts to support a cognizable claim to which Capital One could respond on the merits. Under these circumstances, the Court will dismiss his Complaint and provide him with an opportunity to amend.

For example, Gray mentions an "application" and asserts that Capital One violated his rights by failing "to clearly disclose how Plaintiff's application was assessed." (*Id.* at 3.) Gray fails to provide any details on what the "application" was for, when it was submitted, when it was

denied, or any other facts that would support a cognizable claim to which Capital One could respond on the merits.[2] Due to the confusing nature of Gray's Complaint regarding "accounts" and the "application," the Court also cannot determine the nature of his contractual relationship with Capital One for the purposes of establishing jurisdiction to hear his apparent request to compel arbitration. *See generally Vaden v. Discover Bank*, 556 U.S. 49, 62-66 (2009). He states in conclusory fashion that he seeks to compel arbitration over this dispute "[p]ursuant to the binding arbitration agreement contained within the credit card agreement between the parties," and that he has "requested arbitration" (Compl. at 4) but provides no other details of this agreement, including to which account or dispute it relates.

In Gray's Complaint, he also fails to plead facts in support of his standing to bring suit. Article III of the United State Constitution limits the power of the federal judiciary to the resolution of cases and controversies. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Id.* "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted). Second, there must be a "causal connection

---

[2]   Gray cites to the TILA in reference to this allegation, but the Court understands his reference to inadequate reasons for the denial of credit as an attempt to assert his rights under the Equal Credit Opportunity Act ("ECOA"). *See, e.g.*, *Barat v. Navy Fed. Credit Union*, 127 F.4th 833, 835 (11th Cir. 2025) ("The ECOA imposes notification requirements on banks when they deny applications for credit." (citing 15 U.S.C. § 1691(d))). However, Gray's conclusory statement that he was not provided an adequate explanation for the denial of his "application," without more factual detail, does not state a claim under the ECOA. The Court also notes that Gray appended to his Complaint a letter addressed to him from Capital One, which indicates that it could not provide him with a "paper copy" of his "application" because it "was taken over the phone or the internet." (ECF No. 2 at 8.) To the extent Gray's claims are based on a failure to provide him with a paper copy of his submitted application or other documents, he cannot state a claim, because the relevant consumer-protection statutes do not require retention of paper copies. *See* 12 C.F.R. pt. 1002, Supp. I (interpreting 12 C.F.R. § 1002.12 on "Record Retention").

between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant's conduct. *Id.* Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision. *Id.* at 561; *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (explaining that the "irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").

In *TransUnion LLC v. Ramierz*, 594 U.S. 413, 425 (2021), the Supreme Court focused on the "concreteness" prong of the standing analysis. The Court expressly rejected the notion that "a plaintiff automatically satisfies the injury in fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 426 (quoting *Spokeo*, 578 U.S. at 341). Instead, a plaintiff must allege a concrete injury separate and apart from an injury under the law. *Id.* (explaining that "an injury in law is not an injury in fact"). To plead standing for a claim under the consumer protection statutes, a plaintiff must allege some consequence stemming from the defendant's purported statutory violation. *See, e.g.*, *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 235, 237 (3d Cir. 2024) (explaining that, to identify an informational injury under the FDCPA, a plaintiff "must identify a consequential action or inaction following receipt of a misleading or deceptive collection letter," then analogizing a "traditional" injury "to the tort of fraudulent misrepresentation, and the harm traditionally recognized as providing a basis for a fraudulent misrepresentation suit is not the mere receipt of a misleading statement, or even confusion, without any further consequence" (cleaned up)). Gray's limited factual allegations do not support any recognized injury, and so are insufficient to confer standing.

Although Gray has not stated any cognizable claim or supported his standing to bring suit, the Court understands him primarily as attempting to allege that Capital One violated the FDCPA

in connection with accounts and debts that he disputes.  The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors."  *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005).  To state a claim under the FDCPA, a plaintiff must establish that (1) he or she "is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."  *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted).  Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible.  *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss"); *Astarita v. Solomon & Solomon, PC*, No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content – such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt – which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA.").

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  This statutory language focuses "on third party collection agents working for a debt owner — not on a debt owner seeking to collect debts for itself."  *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017).  In contrast,

"creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* § 1692a(4). Conclusory allegations that a defendant meets the statutory definition of a "debt collector" is insufficient. *See Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("As to Ballard Spahr, the complaint alleges, in a conclusory fashion, that the law firm is a 'debt collector' by quoting the relevant definition from the FDCPA. However, beyond this legal conclusion, the complaint provides no factual allegations that suggest Ballard Spahr regularly collects or attempts to collect debts owed to another."); *Guyton v. PECO*, No. 18-2547, 2018 WL 10016428, at *1 (E.D. Pa. Aug. 24, 2018), *aff'd*, 770 F. App'x 623 (3d Cir. 2019) (*per curiam*) ("Plaintiff owed the relevant 'debt' (her utility bill) to PECO, as the creditor for services rendered to her. PECO thus is not a debt collector under the FDCPA.").

Gray names only Capital One as a Defendant and indicates in conclusory fashion that Capital One is a "debt collector" within the meaning of the FDCPA. (Compl. at 2.) Although, as discussed above, his Complaint is unclear and fails to provide sufficient facts, his sparse allegations appear to be based on "collection activities" for a debt that Capital One is attempting to collect from Gray on its own behalf as a creditor, not as a debt collector for a third party. (*See id.* at 2-4.) To that extent, even if he were to amend his Complaint to support his claims with more factual allegations, they would still fail as to Capital One, since they are not based on third-party debt collection.

Gray also cites to the FCRA claiming that Capital One "did not provide necessary disclosures regarding the use of Plaintiff's credit data in the lending decision." (Compl. at 3.) It is unclear whether this claim relates to the disputed "accounts" or to the "application." In the

8

language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).  Consequently, the FCRA places certain duties on those who furnish information to consumer reporting agencies, such as requiring furnishers to correct any information they later discover to be inaccurate.  *Bibbs v. Trans Union LLC*, 43 F.3d 331, 339 (3d Cir. 2022) (citing *SimmsParris*, 652 F.3d at 357; 15 U.S.C. § 1681s-2(a)(2)).

To state a plausible claim under the FCRA against a furnisher of credit information, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. §§ 1681s-2(b).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Gray does not allege that Capital One communicated inaccurate information to a consumer reporting agency, what that information was, that he disputed the information with the consumer

9

reporting agency, or that Capital One failed to reasonably investigate the dispute after having been notified by the consumer reporting agency, so he has failed to state a plausible violation of the FCRA. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"). Gray's allegation that he disputed his accounts directly with Capital One, rather than with a consumer reporting agency, are insufficient to state a claim. *See SimmsParris*, 652 F.3d at 358 (explaining that the notice of a dispute "must be given [to a furnisher] by a credit reporting agency, and cannot come directly from the consumer"); *Harris*, 696 F. App'x at 91 ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under [the FCRA] for a furnisher's failure to properly investigate such a dispute."); *Washington v. Freedom Mortg.*, No. 20-09332, 2021 WL 1100637, at *2 (D.N.J. Mar. 23, 2021) (explaining that the duties placed on furnishers of information by § 1681s-2(b) are implicated only "[a]fter receiving notice pursuant to § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency" (internal quotations and alteration omitted)).

Gray mentions other consumer-protection statutes and causes of action under Pennsylvania law, but a passing reference to a statute or legal concept does not bring an issue before the Court, and the Court cannot discern any plausible basis for his claims here in any event. *Brown v. Pennsylvania, Wayne Cnty.*, No. 22-1506, 2023 WL 3376547, at *2 (3d Cir. May 11, 2023), *cert. dismissed sub nom. Brown v. Pennsylvania*, 144 S. Ct. 272 (2023), *reconsideration denied*, 144 S. Ct. 417 (2023); *see also Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-

5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other." (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))). So, where Gray merely mentions a statute or cause of action, with a conclusory allegation that Capital One violated his rights, that is insufficient to state a claim.[3]

In sum, Gray's Amended Complaint is too vague and conclusory to satisfy Rule 8, because it does not contain sufficient factual allegations to support cognizable legal claims to which Capital One could respond on the merits. *See Garrett*, 938 F.3d at 94; *Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

---

[3]  In any event, many of the statutes are inapplicable or do not provide a cause of action. Gray cites the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.*, as a basis for his claims. (*See* Compl. at 10.) The Gramm-Leach-Bliley Act does not support a private cause of action. *See Gray v. Southwest Cred. Sys.*, No. 23-3234, 2024 WL 169570, at *2 n.2 (E.D. Pa. Jan. 16, 2024) (citing *USAA Fed. Sav. Bank v. PLS Fin. Servs., Inc.*, 340 F. Supp. 3d 721, 726 (N.D. Ill. 2018) ("[I]t is well-recognized that the [Gramm-Leach-Bliley Act] does not provide a private right of action to enforce its rules." (citing cases)); *Barroga-Hayes v. Susan D. Settenbrino, P.C.*, No. 10-5298, 2012 WL 1118194, at *5 (E.D.N.Y. Mar. 30, 2012) (same)). Gray also cites the Right to Financial Privacy Act ("RFPA"), but that statute is inapplicable here, since it only protects from certain disclosures of financial information to the federal government, and Gray does not name any federal defendants or allege that any information was disclosed to the federal government. *See, e.g.*, *Corley v. Vance*, 365 F. Supp. 3d 407, 452 (S.D.N.Y. 2019) ("[T]he RFPA only governs and protects against the disclosure of financial records to the *federal government*." (citation omitted)), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020). Gray also refers once to the Pennsylvania Consumer Data Privacy Act (*see* Compl. at 2), but that proposed legislation has not been passed into law. *See* Senate Bill 112, Pennsylvania General Assembly, https://www.palegis.us/legislation/bills/2025/sb112 (last accessed June 4, 2025).

## IV. CONCLUSION

For the foregoing reasons, Gray's Complaint is dismissed for failure to state a claim. Gray is provided with an opportunity to file an amended complaint. An appropriate Order follows.

*NITZA I. QUIÑONES, J.*